IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| **LETERRANCE D. RANSOM,** § § | |
| **Plaintiff,** § § § | **Case No.:** |
| vs. § § | |
| **OCEAN SHIPS, INC.** § § § § § § | **TRIAL BY JURY DEMANDED** |
| **Defendant.** § | |

# COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

LETERRANCE D. RANSOM, Plaintiff, complains of OCEAN SHIPS, INC., (hereinafter "Defendant") and for cause of action would show the Court as follows:

## INTRODUCTION

1. Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2. Plaintiff files this Complaint and complains about race discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, under 42 U.S.C. §1981 and under the Florida Civil Rights Act, Fla. Stat. ch. 760.

3. This action seeks compensatory and punitive damages, plus lost wages (past, present, and future), and emotional distress, plus attorney's fees, taxable court costs, pre-judgment and post-judgment interest.

## PARTIES

4. Plaintiff LETERRANCE D. RANSOM is a resident of Florida, applied, was hired and was paid by Defendant in Florida.

5. Defendant, OCEAN SHIPS, INC., is a foreign for-profit corporation from the state of Texas doing business in the state of Florida.

## VENUE

6. Venue is appropriate in the United States District Court of Florida, in that the Defendants can be said to reside/do business in this state as required under 28 U.S.C. §§ 1391(a)(1), and (c).  Alternatively, venue is appropriate because a substantial part of the events or omissions giving rise to the claim occurred here.  See 28 U.S.C § 1391(a)(2).

## JURISDICTION

7. This Court has original jurisdiction of this action pursuant to 28 U.S.C. §1331 (federal question jurisdiction) under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et. seq., under 42 U.S.C. §1981, for employment discrimination on the basis of race and retaliation and under 28 U.S.C. §1332 as this civil action seeks damages in excess of $75,000 and is between citizens of different states.

8. This Court has supplemental jurisdiction of this action pursuant to 28 U.S.C. §1367(a), under the Florida Civil Rights Act, Fla. Stat. ch. 760 for employment discrimination on the

basis of rae and retaliation as all claims within this Complaint are so related that they comprise one case, and all claims arise from the same operative facts.

## PROCEDURAL REQUISITES

9. All conditions precedent to the filing of this action have been met by Plaintiff in that he has filed a timely complaint with the Equal Employment Opportunity Commission ("EEOC") and has received a right-to-sue letter from said agency to pursue his claims.

10. Plaintiff filed a Charge of Discrimination against Defendant with the EEOC on or about March 27, 2014.

11. On or about October 13, 2015, Plaintiff was issued a Notice of Right to Sue letter from the EEOC entitling him to file suit on his claim of discrimination based on race.

12. The filing of this lawsuit has been accomplished within ninety (90) days of Plaintiff's receipt of notice from the EEOC.

## FACTS

13. Plaintiff worked for Defendant since July 1, 2004.

14. Plaintiff's race/color is black.

15. Plaintiff held the position of able seaman and was qualified for the position.

16. Plaintiff had no performance issues write ups until December 2013 when Jeff Hall, Defendant's Chief Officerand, Plaintiff's former supervisor found out that he would be applying for a promotion/license to become an officer.

17. Mr. Hall's race/color is white.

18. Prior to Mr. Hall learning of Plaintiff efforts to become an officer, Plaintiff had several letter of recommendations and had an officer whom wanted to send Plaintiff to officer school.

19. Mr. Hall made it known that he did not want someone of Plaintiff's race/color and with Plaintiff's hair, to become an officer.

20. Mr. Hall targeted Plaintiff for termination and made sure that Plaintiff would not become an officer by writing up Plaintiff for the same conduct that other non-black employees were performing but these other employees were not written up.

21. For example, Mr. Hall wrote Plaintiff up for using a laptop during a watch. Other non-black employees were also watching the laptop with Plaintiff and they were no written up. Further, there was no policy in place that restricted the use of laptops during watch but Mr. Hall created one and back dated it so that he could reprimanded Plaintiff. Additionally, other employees regularly used laptops during watch but were never reprimanded.

22. For example, Mr. Hall wrote Plaintiff up for returning back 50 minutes late for a shift swap without prior approval but the fact is that Plaintiff did follow the same procedure he had followed for years, i.e. Plaintiff informed the Bosun that he would be returning late prior to his departure and even left a written note. The Bosun never reported the request to the supervisor and Plaintiff was written up for allegedly not making the appropriate request even though three other non-black employees, whom never submitted a request to return late for shift swap nor had prior approval to leave the vessel, were not written up. The Bosun was also never written up for approving Plaintiff request.

23. Plaintiff made an official complaint to Defendant while still on board the vessel he was assigned to work with Mr. Hall, December 12, 2013.

24. Instead of taking the necessary actions to investigate Plaintiff's complaints of discrimination, Defendant retaliated against Plaintiff by explaining that Mr. Hall had not doing anything wrong and allowing Mr. Hall to report the discriminatory write ups to Plaintiff's union, which adversely effected Plaintiff chances of becoming an officer as Mr. Hall began reporting that Plaintiff was insubordinate. Defendant did not regularly report issues to the union and only reported Plaintiff as he began to complain of discrimination.

25. The previous position held by Plaintiff was not eliminated, but instead was filled by a younger employee.  Alternatively, Plaintiff's duties were given to younger employees.

26. After Plaintiff complained of discrimination, he was never again offered a position with Defendant until the EEOC attempted to find a resolution to this matter via counseling. When Plaintiff first inquired into a new project with Defendant, Defendant simply stated they had nothing for Plaintiff. Other employees that worked with Plaintiff and Mr. Hall, whom had several violations yet were not reprimanded, still work for Defendant.

27. After Plaintiff's complaint of discrimination, Mr. Hall classified Plaintiff as insubordinate.

28. After Plaintiff's complaints about discrimination, Mr. Hall made it known that he would not stop until Plaintiff was terminated.

## COUNT I

### DISCRIMINATION ON THE BASIS OF RACE AND RETALIATION

29. Plaintiff restates and incorporates paragraph 1-28.

L. Ransom Complaint - AN

30. Defendant, by and through its agents and employees, intentionally engaged in the aforementioned practices, policies, customs and usages made unlawful by Title VII because of her race/color.

31. Defendant, acting by and through its employees, maintained a policy of race/color discrimination and retaliatory work environment, in violation of the foregoing statute against Plaintiff.

32. Based on Plaintiff's complaints to management about race/color discrimination, he was retaliated against by being terminated, not offered any new projects/employment by not investigating Plaintiff complaints, etc.

33. Plaintiff is black.

34. Mr. Hall is white.

35. Plaintiff worked for Defendant since 2004 with no issues until Defendant learned that he wanted to become an officer.

36. Mr. Hall did not want Defendant to become an officer due Plaintiff's race/color and Plaintiff's hair.

37. Mr. Hall targeted Plaintiff for termination by not only reprimanding him for conduct that other non-black employees were conducting yet not reprimanded for but by also going beyond the regular protocol of reporting Plaintiff to the union, which Defendant never did on a regular basis.

38. Plaintiff reported Mr. Hall's discrimination but nothing was done, instead Plaintiff was retaliated against by not receiving a new job assignment.

39. If Plaintiff was non-black, he would not have been wrongfully reprimanded, he would have not been reported to the union, he would have received a new assignment, etc.

40. If Plaintiff did not complain about discrimination, he would have not been reported to the union, he would have received a new assignment, etc.

41. On information and belief, Plaintiff was replaced by a non-black employee.

## DAMAGES

42. As a direct and proximate result of the aforementioned acts, Plaintiff has suffered loss of wages, both in the past, present, and future, as well as compensatory damages.

## EXEMPLARY DAMAGES

43. Defendant actions were harsh, oppressive, and malicious, and as a further and proximate cause, Plaintiff has suffered emotional distress.  The wrongs done by the Defendant were aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.  Plaintiff, therefore, seeks exemplary damages in a sum to be determined by the trier of fact to serve as punishment to deter Defendant from such conduct in similar situations.

## ATTORNEY'S FEES

44. Defendant actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining the services of AN Law Firm, P.A., in order to initiate this proceeding.  Plaintiff seeks recovery of reasonable and necessary attorney's fees.

## JURY DEMAND

45. Plaintiff hereby makes his request for a jury trial.

## PRAYER

46. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

   a. Judgment against Defendant, for actual damages sustained by Plaintiff as alleged herein;

   b. Grant Plaintiff general damages for the damage to Plaintiff caused by Defendant violations alleged in this Complaint;

   c. Pre-judgment interest at the highest legal rate;

   d. Post-judgment interest at the highest legal rate until paid;

   e. Back pay;

   f. Front pay;

   g. Punitive damages;

   h. Damages for mental pain and mental anguish;

   i. Exemplary damages;

   j. Attorney's fees;

   k. All costs of court expended herein;

l. Such other and further relief, at law or in equity, general or special to which Plaintiff may show he is justly entitled.

Respectfully submitted,

**/s/ Alberto Naranjo**

Alberto Naranjo

FL Bar # 0092923

Phone: 305-942-8070

Email: AN@ANLawFirm.com

***ATTORNEY FOR THE PLAINTIFF***

9